**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NATALY LOPEZ AGUILAR,**<br>**Petitioner,**<br>**v.**<br>**WARDEN ELIZABETH CONTRACT DETENTION FACILITY, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–09459–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Nataly Lopez Aguilar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.) Respondents oppose the Petition. (ECF No. 8.)

1. Petitioner is a citizen of Mexico. (ECF No. 1 ¶ 3.) She entered the United States in 2008. (*Id.*)

2. On July 18, 2026, petitioner was arrested in Totowa, New Jersey for aggravated assault on a law enforcement officer, N.J.S.A. § 2C:12–1(b)(5)(a). (ECF No. 8–2 p.7.) Immigration and Customs Enforcement (ICE) took petitioner into custody upon her release from county jail. (ECF No. 8–1 p. 2.) ICE issued a Notice to Appear charging petitioner with being a noncitizen who was present in the United States without being admitted or paroled. (ECF No. 8–3 p. 1.) Petitioner was detained in the Elizabeth Contract Detention Facility. (ECF No. 1 ¶ 4.)[1]

3. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody

[1] Petitioner was transferred to Port Isabel Service Processing Center in Los Fresnos, Texas on July 25, 2026. (ECF No. 5.) Respondents concede that petitioner was detained in the District of New Jersey when she filed the Petition. (*Id.*) Respondents stated they were transferring petitioner back to the District of New Jersey on August 2, 2026, (*id.*), but ICE's detainee locator indicates petitioner is still in Texas as of the date of this opinion and order.

is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

4. Pursuant to § 1226(c), immigration officials must detain noncitizens who are inadmissible and are charged with, or arrested for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

5. Petitioner has been charged with assault of a law enforcement officer. (ECF No. 8–2 p. 7.) Therefore, the plain terms of the statute require petitioner's detention.[2]

6. Petitioner is not currently entitled to a bond hearing, but she may be entitled to one should her detention become prolonged. Noncitizens "detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. The longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020)).

7. Petitioner has only been detained since July 18, 2026, and there are no facts in the Petition that suggest her due process rights are being violated.

Accordingly,

**IT IS** on this **17th** day of **August 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. Respondents shall provide petitioner with a copy of this opinion and order within **7 days**.

4. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[2] I decline to address respondents' § 1225(b)(2) argument as § 1226(c) justifies petitioner's detention at this time.